IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

MICHAEL PACK                             :

    Plaintiff                              :

v.                                       :       Civil Action No. JFM-16-620

MARILYN MOSBY, STATES ATTORNEY   :

    Defendant                              :

o0o

## MEMORANDUM

Pending is Michael Pack's complaint filed against Marilyn Mosby, State's Attorney for Baltimore City. Pack's Motion to Proceed in Forma Pauperis will be granted for the limited purpose of preliminary review.

The in forma pauperis statute, codified at 28 U.S.C. §1915(e)(2), requires courts to dismiss the cases of pro se plaintiffs proceeding in forma pauperis which fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; and
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief;

Fed. R. Civ. P. 8(a). Allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

This complaint lacks any coherent structure and is virtually indiscernible. Accordingly, it will be dismissed for failure to comply with Rule 8(a) and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

This is the second complaint Pack has filed this year against Marilyn Mosby, State's Attorney for Baltimore City. His first complaint was dismissed for failure to comply with Fed. R. Civ. P. 8(a) and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii). *See Pack v. State* [sic] *Attorney Marilyn Mosby*, RDB-16-194 (D. Md.).

Pack is a frequent self-represented litigator who has filed dozens of cases in this court.[1] Most of these cases were considered and either dismissed outright or determined lacking in merit. Further, Pack is subject to a limited pre-filing injunction in this court. Specifically, complaints submitted by Pack concerning MTA Officer Anjanette Jones' issuance of a citation to Pack in 2003, Pack's citations from Baltimore City Police in 2008 concerning public urination or failure pay a public transportation fare, or the alleged detention of another individual by the name of Michael Lawrence Poole by Baltimore City Police, are no longer docketed or reviewed. *See Pack v. MTA Officer Anjanette Jones,* Civil Action No. RDB-12-131 (D. Md.); *Pack v. MTA Officer Anjanette Jones*, Civil Action No. RDB-11-1576; *see also Pack v. MTA Officer Anjanette Jones, et al.*, Civil

---

[1] Pack has a long history of filing complaints in this district, most of which were dismissed after preliminary review for failure to state a cause of action or as frivolous. A partial list of cases he has filed includes: *Pack v. United States Postal Service,* JKB-15-589; *Pack v. United States Postal Service*, RDB-15-32, *Pack v. United States Postal Service*, ELH-13-3187; *Pack v. Bennett*, BEL-12-266; *Pack v. MTA Officer Anjanette Jones* WMN-11-1985; *Pack v. Officer Anjanette Jones*, RDB-11-3469; *Pack v. Officer Anjanette Jones*, WMN-11-1181; *Pack v. Officer Anjanette Jones*, ELH-11-837; *Pack v. Officer Anjanette Jones,* RDB-11-657; *Pack v. Officer Anjanette Jones, et al,* WDQ-11-325; *Pack v. MTA Officer Anjanette Jones,* L-11-18; *Pack v MTA Officer Anjanette Jones*, WMN-11-522; *Pack v. Baltimore City Police Department*, WDQ-10-1885; *Pack v. Baltimore City Police Department*, RDB-10-3388; *Pack v. Public Safety & Correctional Services Department, et al,* CCB-09-2911; *Pack v. O'Malley,*WDQ-09-2912; *Pack v. State of Maryland,* L-09-2400; *Pack v. Baltimore City Police Department,* WDQ-09-2223; *Pack v. State of Maryland*, RDB-09-1018; *Pack v. Baltimore City Police*, AMD-09-518; *Pack v. Weidefield*, JFM-09-208; *Pack v. Maryland Transit Administration,* AMD-08-3097; *Pack v. Commissioner Frederick Bealefield*, CCB-08-2625; *Pack v. Commissioner Frederick Bealefield*, WMN-08-3067; *Pack v. Marsden Botsanis & Seledee, PA,* RDB-07-2000; *Pack v. Taylor,* RDB-06-3374; *Pack v. USA, et al,* WMN-06-2761, *Pack v Baltimore City Police Department Western District, et al,* AMD-06-1597; *Pack v. O'Malley*, BEL-05-2734; *Pack v. Victory House, et al,* RDB-03-3494; *Pack v. Applefeld*, MJG-97-1755; *Pack v. Judge Marvin Garbis*, JFM-97-1757.

Action No. WMN-11-1985, dismissed, CA4 NO. 11-1798 (August 10, 2011) (noting that since September 12, 2008, Pack has been enjoined from filing appeals in the Fourth Circuit unless the district court certifies the petition or appeal is not frivolous).

Pack continues to submit frivolous, repetitious filings outside the scope of the limited pre-filing injunction and which substantially burden judicial resources. Considerable court time is spent docketing and reviewing these filings only to conclude the material is incomprehensible, vexatious, fails to state a claim, or a combination thereof.

Under the All Writs Act, 28 U.S.C. § 1651(a), the court has the authority to issue a pre-filing injunction against vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). A litigant's access to the courts may be limited in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). A district court may issue a pre-filing injunction to limit a litigant's access after weighing the following factors:

> (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818 (citing *Safir v. United States Lines*, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

If Pack continues his current filing practices, and if the court determines that a pre-filing injunction is warranted after balancing the factors enumerated in *Comer*, Pack will be given an opportunity to be heard before the scope of the existing pre-filing injunction is broadened. In other words, Pack is warned that if this pattern of multiple, repetitive and incoherent complaints continues, the court will issue a show cause order as to why the limited pre-filing injunction should

not be expanded to enjoin him from instituting any new civil cases in this district without first obtaining approval from the court.

A separate order dismissing this case follows.

3/11/16
Date

J. Frederick Motz
United States District Judge